UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN DOE,
Plaintiff,
v.

MALE EXCEL INC.,
Defendant.

Case No. 26-cv-06191-MMC

**CASE MANAGEMENT CONFERENCE ORDER**

IT IS HEREBY ORDERED that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, and Civil L.R. 16-2, a Case Management Conference will be held in this case before the Honorable Maxine M. Chesney on **Friday, October 16, 2026 at 10:30 a.m.** in Courtroom No. 7, 19th floor Federal Building.

Plaintiff(s) shall serve copies of this Order and the Court's Standing Orders at once on all parties to this action, and on any parties subsequently joined, in accordance with the provisions of Fed.R.Civ.P. 4 and 5. Following service, plaintiff(s) shall file a certificate of service with the Clerk of this Court.

Counsel are directed to confer in advance of the Case Management Conference with respect to all of the agenda items listed in the *Standing Order for All Judges of the Northern District of California/Contents of Joint Case Management Statement.* Not less than seven days before the conference, counsel shall file a joint case management statement addressing each agenda item. Failure to file a joint statement shall be accompanied by a signed declaration setting forth the grounds for such failure.

Each party shall be represented at the Case Management Conference by counsel prepared to address all of the matters referred to in this Order, and with authority to enter stipulations and make admissions pursuant to this Order.

Any request to reschedule the above dates shall be made in writing, and, if possible, by stipulation. Unless impracticable, such request shall be made not less than ten days before the conference date. Good cause must be shown.

Failure to comply with this Order or the Local Rules of this Court may result in sanctions. See Fed.R.Civ.P. 16(f); Civil L.R. 1-4.

IT IS SO ORDERED.

Dated: 6/30/2026

MAXINE M. CHESNEY
United States District Judge

# STANDING ORDERS FOR CASES ASSIGNED TO THE HONORABLE MAXINE M. CHESNEY

**1.** The parties shall consult and comply with all provisions of the Local Rules relating to continuances, motions, briefs, and all other matters, unless superseded by these Standing Orders.

**2. Lodging Courtesy Copies for Chambers**

Timing: Courtesy copies of filed documents shall be mailed via first class mail to the Clerk's Office on the same day the documents are filed unless the filing is in connection with a hearing to be held within 7 days of the filing, in which case courtesy copies shall be delivered to the Clerk's Office no later than noon on the court day following the filing. Whether mailed or hand-delivered, the envelope shall be clearly addressed to "Chambers of Judge Maxine M. Chesney."

Format: Courtesy copies shall be submitted in single-sided format. Any attached exhibits shall be separated by tabbed dividers.

**3. Scheduling Days**

a. Criminal Law and Motion Calendar is conducted on Wednesdays at **2:15 p.m.**

b. Civil Law and Motion Calendar is conducted on Fridays at **9:00 a.m.**

c. Case Management Conferences are conducted on Fridays at **10:30 a.m.,** with order of call determined by the Court.

d. Pretrial conferences are conducted on Tuesdays at **10:00 a.m.** or **3:00 p.m.**

e. Counsel need not reserve a hearing date for motions, but noticed dates may be reset as the Court's calendar requires.

**4. Proposed Orders Required**

Each party filing ***or opposing*** a motion shall also serve and file a proposed order setting forth the relief or action sought and a ***short*** statement of the rationale of decision, including citation of authority, that the party requests the Court to adopt.

**5. Discovery**

Discovery motions in civil cases will be referred to a Magistrate Judge.

**6. Summary Judgment**

Unless specific leave has been requested and granted, the Court will address only one motion for summary judgment/adjudication per party or side. Examples of issues the Court may deem appropriate for determination by separate motion, particularly if raised early in the case, include such affirmative defenses as the statute of limitations and failure to exhaust administrative remedies.

**7. Procedural Matters**

Parties seeking to continue hearings, request special status conferences, modify briefing schedules, or make other procedural changes shall submit a signed stipulation and proposed order, or, if stipulation is not possible, a motion or administrative request in accordance with Civil Local Rule 6-3 or 7-11, as appropriate, and as incorporated by Criminal Local Rule 2-1. *Irrespective of whether the parties are in agreement, no changes in the Court's schedule or procedures shall be made except by order of the Court* ***and only upon a showing of good cause.***

**8. Service of Standing Orders**

Plaintiff is directed to serve copies of these standing orders upon all parties to this action and upon those subsequently joined, and to file a certificate reflecting such service.

**IT IS SO ORDERED.**

Dated: October 9, 2024

Maxine M. Chesney
Senior United States District Judge

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

All judges of the Northern District of California require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.
2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.
3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.
4. Motions: All prior and pending motions, their current status, and any anticipated motions.
5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.
6. Evidence Preservation: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*
7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.
8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.
9. Class Actions: If a class action, a proposal for how and when the class will be certified, and whether all attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.
10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.
11. Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses. The parties shall jointly identify (in bold or highlight) one to three issues which are the most consequential to the case and discuss how resolution of these issues may be expedited.

15. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

16. Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

17. Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. In any proposed class, collective, or representative action, the required disclosure includes any person or entity that is funding the prosecution of any claim or counterclaim.

18. Professional Conduct: Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

19. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.